The **PAYDAY LOAN STORE OF WISCONSIN, INC. d/b/a Madison's Cash Express, Plaintiff,**

v.

**CITY OF MADISON, Defendant.**

No. 04–0365–C.

United States District Court, W.D. Wisconsin.

Aug. 5, 2004.

Joseph S. Goode, Madison, WI, for Plaintiff.

Catherine M. Rottier, Boardman, Suhr, Curry & Field, Madison, WI, for Defendant.

## ORDER

CRABB, District Judge.

A hearing was held on plaintiff's motion for a preliminary injunction on August 5, 2004, before United States District Judge Barbara B. Crabb. Plaintiff The Payday Loan Store of Wisconsin appeared by Joseph Goode. Defendant City of Madison was represented by Catherine Rottier and Catherine Centrangolo.

Plaintiff is seeking to enjoin the enforcement of Madison General Ordinance § 23.08, entitled "Hours of Operation for Payday Loan Businesses" on the grounds that it violates plaintiff's rights to equal protection and due process, that it is unconstitutionally vague and that it is preempted by state law.

Under the Madison ordinance, payday loan operations such as plaintiff's must close between the hours of 9 pm and 6 am. Plaintiff contends that the ordinance violates its equal protection rights because it has no rational relation to a legitimate government interest. Plaintiff argues that the city council had no rational basis to distinguish between plaintiff's operation and ATM machines and other business operations that supply cash back as part of a business purchase; if the city's purpose is to reduce the amount of cash so as to reduce the number of robberies, it cannot single out payday loan operations from all the businesses that make cash available at nighttime. Also, plaintiff argues, in saying that it wants to reduce noise and bright lights in residential neighborhoods, the city is discriminating against payday loan stores by making them close at night when it has no evidence that these stores generate more light or traffic than other similarly situated businesses.

In order to succeed on its equal protection claim, plaintiff must show that the city council had *no* rational basis on which to conclude that closing payday loan stores at night would reduce the opportunity for crime and reduce noise and bright lights in city neighborhoods. "Legislatures are presumed to have acted constitutionally even if source materials normally resorted to for ascertaining their grounds for action are otherwise silent, and their statutory classifications will be set aside only if no grounds can be conceived to justify them." *Johnson v. Daley*, 339 F.3d 582, 586 (7th Cir.2003) (citing *McGowan v. Maryland*, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961); *Kotch v. Board of River Port Pilot Commissioners*, 330 U.S. 552, 67 S.Ct. 910, 91 L.Ed. 1093 (1947); *Lindsley v. Natural Carbonic Gas Co.*, 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369 (1911)).

The standard for evaluating the ordinance is not whether the city's action was the best one it could have taken to reduce crime and keep neighborhoods quiet and free of bright lights; it is wheth-

er the court can imagine any rational explanation for the council's action. If it can, the game is over. Under our Constitution, the political branches of government get to decide what steps to take to advance governmental goals. Their decisions are not subject to review, except in unusual situations, generally involving fundamental rights or suspect classifications. "The power to decide, to be wrong as well as to be right on contestable issues, is both privilege and curse of democracy." *National Paint & Coatings v. City of Chicago*, 45 F.3d 1124 (7th Cir.1995).

■ The city council could speculate rationally that people emerging from a payday loan store with large amounts of money in their pockets would be involved in crime, either as victims of robbery or as customers for illegal drugs or prostitution. Increased crime results in higher demands for police services and a deterioration of the surrounding neighborhood. The city might also speculate rationally that a payday loan store increases traffic to a particular area, making it noisier and disturbing the quiet of nearby residences. These are rational reasons for legislating.

■ Legislation does not violate the equal protection clause just because it does not address every aspect of a particular governmental goal. A legislature may legislate in small increments, taking "one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind." *Johnson*, 339 F.3d at 586–587 (citing *Williamson v. Lee Optical of Oklahoma, Inc.*, 348 U.S. 483, 489, 75 S.Ct. 461, 99 L.Ed. 563 (1955)). Thus, it makes no difference whether plaintiff believes that users of ATM machines are as much targets for robbers as are users of payday loan stores or whether other commercial establishments in plaintiff's neighborhood are noisier, have brighter lighting or attract more nighttime traffic.

■ Plaintiff has advanced a claim of violation of due process, arguing that "[d]ue process requires that a statute or ordinance bear a rational connection to a legitimate government interest." Plt's Br., dkt. # 4, at 28. So characterized, plaintiff's claim is no different from its claim of equal protection. Plaintiff does not claim to have been denied any procedural rights to which it was entitled. Because plaintiff is unable to show that it has an equal protection claim, it has no substantive due process claim. *Minnesota v. Clover Leaf Creamery Co.*, 449 U.S. 456, 470 n. 12, 101 S.Ct. 715, 66 L.Ed.2d 659 (1981).

■ Plaintiff's third challenge to the ordinance is that it is unconstitutionally vague. This challenge fails on a reading of the ordinance. Subsection (2) of § 23.08 reads, "No payday loan business may be open between the hours of 9:00 p.m. and 6 a.m." Plaintiff argues that this leaves some question whether it may continue to offer its non-payday loan services, such as its currency exchange, its notary service, etc. The answer is obvious. It may not offer those services at night within its payday loan store without violating the ordinance's requirement that it close its payday loan business between 9 and 6.

■ Finally, plaintiff argues that the ordinance is preempted by state laws regulating payday loan operations first, because it requires that no payday loan business can be sited within 5000 feet of an existing payday loan business and second, because the entire state scheme demonstrates an intent to preempt the field. Plaintiff has not shown that it has standing to challenge the ordinance on the first ground after it has received all of its zoning approvals for its current operation. Moreover, despite what plaintiff would argue, the ordinance does not operate to prohibit plaintiff or anyone else from oper-

ating both a currency exchange and a payday loan operation in the same building. It merely prohibits the operation of two separate stores within 5000 feet of one another.

 As for the argument that state law preempts the field of payday loan operations, plaintiff has not shown that the state has occupied the field of payday loan operations so completely that the city is preempted from legislating any aspect of the business. Even when it comes to banks, which are governed closely by federal and state law, cities retain the authority to determine such matters as where they may be sited, what access they must provide for drivers and walk-in patrons, how tall the buildings may be, etc. Plaintiff has not shown any express conflict between the state laws regulating such matters as rates of interest, permissible charges, and disclosures and the city's regulation of the operating hours of payday loan transactions.

I conclude that plaintiff has shown no likelihood that it could prevail on the merits of its claim, I conclude also that it cannot show that it will suffer irreparable harm if an injunction does not issue (because the only harm it has suggested it would suffer is monetary and monetary harm is compensable), that the public interest would be served by the issuance of an injunction or that the harm plaintiff would suffer if the injunction is denied outweighs the harm defendant would suffer if the injunction issued.

## ORDER

IT IS ORDERED that the motion for a preliminary injunction filed by plaintiff The Payday Loan Store of Wisconsin, Inc., seeking to enjoin the enforcement of Madison General Ordinance § 23.08 is DENIED.